JOHN WALSHE MURRAY (074823)
JANICE M. MURRAY (099996)
RACHEL P. RAGNI (241061)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: jmmurray@murraylaw.com
Email: rragni@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**RAISSI REAL ESTATE DEVELOPMENT, LLC**<br>A California Limited Liability Company<br><br>          Debtor.<br><br>    2490 Lafayette Street<br>    Santa Clara, CA 95050<br><br>Employer Tax I.D. No: 20-5426285 | Case No. 10-56855-RLE<br><br>Chapter 11<br><br>*[No Hearing Requested]* |

**FIRST SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY
IN SUPPORT OF EX PARTE APPLICATION FOR ORDER
AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL**

I, Janice M. Murray, do hereby declare:

1. I am an attorney duly licensed to practice in this State and before this Court and a shareholder of the law firm of Murray & Murray, A Professional Corporation ("Murray & Murray"), the attorneys for Raissi Real Estate Development, LLC, the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case. I have personal knowledge of the facts set forth in this first supplemental declaration, and, if called to testify, would and could testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

JMM/esg
S:\Raissi Real Estate Dev\Pl\Employ\J&M\App Supl Dec 8-11.v1.doc

Case: 10-56855  Doc# 68  Filed: 08/10/10  Entered: 08/10/10 15:45:21  Page 1 of 3

1

FIRST SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT

2. This first supplemental declaration is made in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and submitted in support of the EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL (the "Application") filed on July 23, 2010. The ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL was entered by the Court on August 2, 2010. On August 5, 2010, the United States Trustee requested Murray & Murray to submit a supplemental declaration concerning payment of its Chapter 11 retainer.

3. On June 30, 2010 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code.[1] The Debtor continues to operate its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. In the year prior to the commencement of the case, Murray & Murray received the following payment from the Debtor:

| DATE | AMOUNT |
|---|---|
| June 30, 2010 | $100,000.00 |

This payment was made to Murray & Murray by the Debtor from funds loaned to the Debtor by Gregory Huan Phan, a secured and unsecured creditor of the Debtor. This loan by Mr. Phan to the Debtor was made by way of a cashier's check made payable to the Debtor. The cashier's check was then endorsed by the Debtor to Murray & Murray. Murray & Murray was informed by Sasan Raissi, the Debtor's Responsible Individual, that Mr. Phan received, as collateral for this loan, a deed of trust on property not owned by the Debtor, but owned by Mr. Raissi and/or one of his affiliated companies. Mr. Raissi so testified at the meeting of creditors held on July 28, 2010.

5. On the Petition Date, the day before the foreclosure sale scheduled by D & R Partnership, a California general partnership (First National) Mr. Raissi requested Murray & Murray to prepare and file a Chapter 11 case on behalf of the Debtor. During the course of several lengthy meetings on that date, Murray & Murray advised both Mr. Raissi and Mr. Phan that Murray & Murray's representation was limited to representing the Debtor with respect to the commencement and prosecution of the Chapter 11 case. As a matter of course, Murray & Murray is careful to advise principals and parties in interest of conflict issues and Murray & Murray's role solely as bankruptcy

---

[1] Unless otherwise stated, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

JMM/esg
R:\Raissi Real Estate Dev\Pleadings\M&M\App Empl Dec\M07.doc

2

FIRST SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT

Case: 10-56855   Doc# 68   Filed: 08/10/10   Entered: 08/10/10 15:45:21   Page 2 of 3

counsel for the for the debtor entity and no one else. Murray & Murray understands its fiduciary obligation to the bankruptcy estate and communicates that clearly to prospective clients and during the course of a client representation as appropriate. I am informed and believe that both Mr. Raissi and Mr. Phan clearly understand Murray & Murray's role solely as bankruptcy counsel for the Debtor and no other party.

6. Since the Petition Date, Murray & Murray has had limited contact with Mr. Phan primarily to confirm that he would pay the utility deposits as the sole tenant at the Debtor's property located at 350 South Winchester Blvd., San Jose, California.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 10, 2010 in the City of Cupertino, County of Santa Clara, State of California.

*/s/ Janice M. Murray*
Janice M. Murray

FIRST SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT