JOHN WALSHE MURRAY (074823)
JANICE M. MURRAY (099996)
RACHEL P. RAGNI (241061)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: jmmurray@murraylaw.com
Email: rragni@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

**RAISSI REAL ESTATE DEVELOPMENT, LLC**
A California Limited Liability Company

    Debtor.

    2490 Lafayette Street
    Santa Clara, CA 95050

Employer Tax I.D. No: 20-5426285

Case No. 10-56855-RLE

Chapter 11

*[No Hearing Requested]*

## SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL

I, Janice M. Murray, do hereby declare:

**THIS SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL SUBSTANTIVELY DIFFERS FROM THE DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL FILED WITH THE COURT ON JULY 23, 2010 ONLY WITH THE ADDITION OF THE LANGUAGE (IN BOLD) AT PAGE 4, LINES 5 TO 20.**

1. I am an attorney duly licensed to practice in this State and before this Court and a shareholder of the law firm of Murray & Murray, A Professional Corporation ("Murray & Murray"), the proposed attorneys for Raissi Real Estate Development, LLC, the debtor and debtor in possession (the "Debtor") in the above-captioned Chapter 11 case. I have personal knowledge of the facts set forth in this declaration, and, if called to testify, would and could testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

2. This Declaration is made in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and submitted in support of the EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF COUNSEL (the "Application") filed concurrently herewith.

3. On June 30, 2010 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code.[1] The Debtor continues to operate its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

## I. SCOPE OF SERVICES

4. By its Application, the Debtor seeks authority from this Court to employ Murray & Murray as its general bankruptcy counsel in this Chapter 11 case effective as of the Petition Date. Due to the intricacies and complexities inherent in the reorganization process, the Debtor needs an attorney to provide aid and assistance in the administration of this case; to advise the Debtor concerning its rights and responsibilities under the Bankruptcy Code as a debtor and debtor in possession; to provide the Debtor with continued representation in all negotiations and proceedings involving creditors and other parties; to advise the Debtor regarding the sale of the Debtor's assets

---

[1] Unless otherwise stated, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

Case: 10-56855  Doc# 69  Filed: 08/17/10  Entered: 08/17/10 15:30:53  Page 2 of 7

and procedures relating thereto; to assist the Debtor in the formulation of a Chapter 11 plan of reorganization and disclosure statement, and the approval thereof; and to represent the Debtor in all other legal aspects of the Chapter 11 case in accordance with the powers and duties established by the Bankruptcy Code.

## II. ELIGIBILITY AND DISINTERESTEDNESS

5. The attorneys of Murray & Murray are skilled counsel in bankruptcy proceedings and have special knowledge which will enable them to perform services of particular benefit to the Debtor. Murray & Murray has decades of experience in the representation of Chapter 11 corporate debtors and has significant knowledge and understanding of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of California.

6. To the best of my knowledge, information, and belief, Murray & Murray is disinterested as contemplated in Section 101(14) of the Bankruptcy Code as follows:

    a. Neither Murray & Murray nor any officer, director, shareholder, associate or employee of Murray & Murray is a creditor, an equity security holder or an insider of the Debtor;

    b. Neither Murray & Murray nor any officer, director, shareholder, associate or employee of Murray & Murray was ever a director, officer or employee of the Debtor; and

    c. Neither Murray & Murray nor any officer, director, shareholder, associate or employee of Murray & Murray has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7. Murray & Murray has conducted its conflicts and connections review based upon information provided by the Debtor on its vendors, creditors, employees, members, affiliates and other parties in interest. Murray & Murray represents that it does not hold or represent an interest adverse to the estate, is disinterested, and, with the exception of its representation of the Debtor prior to the commencement of the case and **the matters described below**, Murray & Murray has no connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States

JMM/esg
S:\Rai\RaiGSus-Dev\PldEmpy\M&M\2ndSupDec 08/13/lock

Case:10-56855 Doc#: 69 Filed: 08/17/10 Entered: 08/17/10 15:30:53 Page 3 of 7

3

SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT

Trustee:

    a. World Equities, Inc. ("WEI") appears to be the loan servicing agent for D & R Partnership, a California General Partnership (First National Mortgage Company), a secured creditor of the Debtor. Murray & Murray represented WEI in a number of matters from 1978 to 1985.

    **b. Cornish & Carey. The Debtor intends to seek court approval to employ Cornish & Carey as its real estate broker in this case. Murray & Murray presently represents Cornish & Carey in certain matters unrelated to the Debtor and its bankruptcy case. Murray & Murray's simultaneous representation of the Debtor in this case and its representation of Cornish & Carey in separate, distinct and unrelated matters is a "connection" only, and would not in any manner impair Murray & Murray's independence or ability to objectively provide professional services to the Debtor herein, for the following reasons: (a) Murray & Murray does not represent and will not represent either the Debtor or Cornish & Carey in any matter concerning the other; (b) should any dispute arise between the Debtor and Cornish & Carey, Murray & Murray will not represent either party against the other, and each will engage separate counsel to represent them regarding any such dispute; (c) Murray & Murray's representation of the Debtor is wholly unrelated to its relationship with Cornish & Carey, and vice versa, and Murray & Murray's relationship with each will in no way be affected by its unrelated relationship with the other; and (d) Murray & Murray is unaware of any actual or foreseeable adverse consequences to the Debtor and its bankruptcy estate by virtue of this connection.**

### III. TERMS OF EMPLOYMENT

8. The compensation paid or agreed to be paid by the Debtor for services rendered or to be rendered by Murray & Murray in connection with this case is as follows:

    a. <u>Hourly Rates</u>. The Debtor has agreed that Murray & Murray, subject to the approval of the Court, shall be employed under a general retainer, on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of

California, and the fee guidelines promulgated by this Court. The current hourly rates of the attorneys of Murray & Murray are as follows:

| Name | Rate Per Hour |
|---|---|
| John Walshe Murray | $ 590.00 |
| Janice M. Murray | 540.00 |
| Craig M. Prim | 510.00 |
| Stephen T. O'Neill | 470.00 |
| Robert A. Franklin | 460.00 |
| Doris A. Kaelin | 440.00 |
| Jenny Lynn Fountain | 350.00 |
| Rachel P. Ragni | 330.00 |
| Thomas T. Hwang | 310.00 |
| Laurent Chen | 280.00 |
| Law Clerks/Paralegals | 150.00 |

Attorneys' fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. These hourly rates are subject to periodic review and increase.

    b. <u>Expense Reimbursement</u>. The Debtor has also agreed that Murray & Murray shall be reimbursed for its expenses incurred in connection with this case. The amounts currently charged by Murray & Murray for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel: | 50¢ / mile |
| Faxes (incoming only): | 20¢ / page |
| Internal photo-copying: | 20¢ / copy |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger: | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery: | actual cost |
| Parking: | actual cost |
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

JMM/esg
S:\R...\Ralsto Re Gaston-Dev\Pld\Employ\M&M\2nd Supp Dec 081310.doc

Case: 10-56855  Doc# 69  Filed: 08/17/10  Entered: 08/17/10 15:30:53  Page 5 of 7

5

SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT

c. <u>Payments</u>. In the year prior to the commencement of the case, Murray & Murray received the following payment from the Debtor:

| DATE | AMOUNT |
|---|---|
| June 30, 2010 | $100,000.00 |

This payment was made to Murray & Murray by the Debtor from funds loaned to the Debtor by Gregory Huan Phan, a secured and unsecured creditor of the Debtor.

Of the total payment of $100,000, $13,286.00 was expended in services rendered to the Debtor prior to the commencement of the case, leaving a remaining advance retainer (the "<u>Advance Retainer</u>") on the Petition Date of $86,714.00.

d. <u>Additional Compensation</u>. The Debtor has also agreed to pay Murray & Murray all additional attorneys' fees and costs incurred after the commencement of the case in excess of the Advance Retainer, subject to the approval of the Court.

e. <u>Third Party Guaranty</u>. All obligations of the Debtor to Murray & Murray under the terms of the engagement agreement between the Debtor and Murray & Murray have been guaranteed by Sasan Raissi, individually and S.A.S.A.N., Inc. dba Carpet Club (collectively, the "<u>Guarantors</u>"). Murray & Murray is advised by the Debtor as follows:

(1) Sasan Raissi, individually, is the sole member and manager of the Debtor; and

(2) Sasan Raissi is the president and sole shareholder of S.A.S.A.N., Inc. dba Carpet Club.

The Guarantors have also agreed, separate and apart from the above-described guarantees, to provide, or cause to be provided, financing to the Debtor to the extent necessary to facilitate the Company's payment to Murray & Murray of all fees and expenses incurred by Murray & Murray in the Chapter 11 case.

f. <u>Interim Compensation Procedure</u>. The Debtor has also agreed that Murray & Murray may move the Court for an order approving an interim compensation procedure allowing the Debtor to pay attorneys' fees and costs on a monthly basis, and if such an interim compensation procedure is approved by the Court, such fees and costs shall be so paid. In the event that Murray &

JMM/esg
S:\Raissi Real Estate Dev\Pleadings\M&M\2nd Supp Dec 081310.doc

Case: 10-56855    Doc# 69    Filed: 08/17/10    Entered: 08/17/10 15:30:53    Page 6 of 7

6   SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT

Murray does not so move the Court, or the Court does not approve such an interim compensation procedure, Murray & Murray shall have the right to apply to the Court for additional fees and costs pursuant to the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred twenty (120) days, or more frequently if authorized by the Court. Payment shall be immediately forthcoming upon approval of such fees and costs.

9. Neither Murray & Murray nor any of its shareholders or employees have shared or have agreed to share any of the aforementioned compensation with anyone except the shareholders and regular employees of Murray & Murray.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 17, 2010 in the City of Cupertino, County of Santa Clara, State of California.

*/s/ Janice M. Murray*
Janice M. Murray

JMM/esg
S:\Raissi Real Estate Dev\P. of Employ\M&M\2nd Supp Dec 08/13/10.doc
Case: 10-56855   Doc#: 69   Filed: 08/17/10   Entered: 08/17/10 15:30:53   Page 7 of 7

7   SECOND SUPPLEMENTAL DECLARATION OF JANICE M. MURRAY IN SUPPORT OF EX PARTE APPLICATION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT