JOHN WALSHE MURRAY (074823)
JANICE M. MURRAY (099996)
RACHEL RAGNI LARRENAGA (241061)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: jmmurray@murraylaw.com
Email: rragni@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

**RAISSI REAL ESTATE DEVELOPMENT, LLC**
A California Limited Liability Company

        Debtor.

2490 Lafayette Street
Santa Clara, CA 95050

Employer Tax I.D. No: 20-5426285

Case No. 10-56855-RLE

Chapter 11

Date: October 14, 2010
Time: 2:00 p.m.
Place: 280 South First Street, Room 3099
Judge: Honorable Roger L. Efremsky

## CHAPTER 11 STATUS CONFERENCE STATEMENT OF DEBTOR

Raissi Real Estate Development, LLC, the debtor and debtor in possession herein (the "Debtor"), hereby submits its Chapter 11 status conference statement (the "Statement").

1. **Case Commencement.**

On June 30, 2010 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code[1] as a single asset real estate case and is presently operating its business as a debtor in possession pursuant to the provisions of Bankruptcy Code Sections 1107 and 1108.

---

[1] Unless otherwise stated, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

2. **History and Events Leading to Debtor's Bankruptcy Case.**

The Debtor owns the real property at 350 South Winchester Blvd., San Jose, California (the "Property"). The Property is located at the Santana Row shopping complex and consists of slightly less than one acre and a 24,000 square foot 2-story commercial building.

The Debtor purchased the Property (the "Acquisition") in August, 2005 from First National Bank ("First National") for $10 million, a portion of which was financed by First National and secured by the Property. At the time, the Debtor intended to build and develop a mixed use condominium/hotel project or five star hotel with retail space on the bottom level and condominium or hotel units above the retail space. First National was to provide the financing.

After pre-approval was received from the City of San Jose for the mixed use project, First National decided not to finance the project. The Debtor is informed and believes that, at the time, First National was involved in litigation with Federal Realty ("Federal"), which owns Santana Row. Apparently, prior to the Acquisition, Federal had agreed to buy the Property from First National for $31.0 million and then changed its mind. First National sued Federal in connection with the failed transaction, seeking approximately $19-20 million in damages. During the course of this litigation, the Debtor was approached by Federal with a proposal to buy the Property for the Acquisition price in conjunction with its settlement proposal to First National under which it would pay additional amounts to First National and at the same time acquire the Property. However, the price proposed by Federal was not acceptable to the Debtor.

A portion of the second floor of the Property is occupied by one tenant. Given the current state of the economy, the Debtor was unable to generate sufficient cash flow to keep payments on the secured debt current. Ultimately, First National commenced foreclosure proceedings against the Debtor and a foreclosure sale of the Property was scheduled for July 1, 2010, precipitating the Chapter 11 filing.

A title report, dated July 9, 2010, indicates that the Property is subject to the following liens:

a. A lien of defaulted taxes for the fiscal year 2007-2008, and any subsequent delinquencies, in the amount of $371,172.59.

b. First Deed of Trust in favor of D & R Partnership, a California General partnership

(First National), with an outstanding balance of approximately $9.2 million.

  c. Mechanics lien in favor of Salvatore Caruso Design Corporation in the amount of $18,470.72.

  d. Second Deed of Trust in favor of Phan Real Estate, LLC in the amount of $700,000.00.

  e. Third Deed of Trust in favor of Babak Hossein Hatamian in the amount of $100,000.00.

  f. A judgment lien in favor of Salvatore Caruso Design Corporation in the amount of $486,020.52 for a judgment entered in Santa Clara Superior Court Case No. 1-07-CV-097410.

  g. A judgment lien in favor of Salvatore Caruso Design Corporation in the amount of $445,296.28 for a judgment entered in Santa Clara Superior Court Consolidated Case Nos. 1-07-CV-097410 and 1-07-CV-097643, which the Debtor believes is duplicative of the judgment lien described in Paragraph 2.f above.

  The Debtor's Schedule D lists total secured debt of $10,829,355.17. The Debtor's First Amended Schedule F lists total unsecured debt of $3,471,178.00.

  The Debtor believes that the Property's location at Santana Row makes it particularly attractive and estimates the value at $19.5 million.

  The Debtor has received interest from prospective tenants to lease space in the Property, resulting in multiple Letters of Intent for leases. The Debtor is also investigating potential investment scenarios for a capital infusion in the Property. The Debtor is in the process of formulating its business plan as the basis for a plan of reorganization.

  3. **Creditors' Committee.**

  As of the date of this Statement, no official committee of unsecured creditors has been appointed in this case.

  4. **Employment of Professionals.**

  Pursuant to this Court's Order of August 2, 2010, the Debtor was authorized to employ Murray & Murray, A Professional Corporation, as its bankruptcy counsel in this case. Additionally, pursuant to this Court's order dated August 30, 2010, the Debtor was authorized to employ Cornish

& Carey Commercial as the commercial real estate broker for the Debtor.

5. **Statement of Financial Affairs and Schedules**.

The Debtor's Statement of Financial Affairs and Schedules were filed on July 21, 2010. On July 27, 2010, the Debtor filed Schedule H and amendments to Schedules E and F. On September 28, 2010, the Debtor filed amendments to Schedule G.

6. **Monthly Operating Reports.**

The Debtor has timely filed all monthly operating reports. Additionally, at the request of the United States Trustee, on September 21, 2010, the Debtor filed the Amended Monthly Operating Report for July 2010.

7. **Section 341 Meeting**.

The Section 341 Meeting of Creditors (the "Creditor Meeting") was held on July 28, 2010 and continued to August 25, 2010. The first continued Creditor Meeting was held on August 25, 2010 and again continued to September 22, 2010. Upon the Debtor's completion of certain outstanding items, the second continued Creditor Meeting was concluded by the United States Trustee.

8. **Dr. Greg Phan/Phan Real Estate LLC.**

Since the last status conference, counsel for the Debtor has conferred with counsel for Dr. Greg Phan/Phan Real Estate LLC (collectively "Phan") to obtain documentation supporting the amounts purportedly owing to Phan. Specifically, the United States Trustee had requested evidence of payment that supported the consideration for the SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS recorded by Phan Real Estate LLC on the Property in the amount of $700,000. On September 21, 2010, the Debtor provided the United States Trustee with documentation received from Phan.

Additionally, the Debtor listed a debt to Phan in the amount of $3,400,000 (the "Unsecured Scheduled Debt") on its First Amended Schedule F as an unsecured claim. Phan has asserted that the claim is secured because: 1) Phan recorded a lis pendens on the Property; 2) Phan recorded a notice of attachment (the "Notice of Attachment") on June 7, 2010; and 3) Phan was granted a security interest in the Property by the Secured Convertible Promissory Note dated July 18, 2007.

Based on the information received to date, the Debtor believes that the Unsecured Scheduled Debt is unsecured. First, recordation of a lis pendens does not create a security interest. Second, the Notice of Attachment was recorded on property located at 2490 Lafayette Street, Santa Clara, CA 95050 and not on the Property. In any event, to the extent an attachment lien was vested, it terminated under California Code of Civil Procedure § 493.030 because it was recorded within 90 days of the Petition Date. Third, Phan failed to perfect any security interest on the Property which may have been granted under the Secured Convertible Promissory Note dated July 18, 2007. Therefore, the Debtor does not believe that any amendment to the Debtor's schedules regarding the Unsecured Scheduled Debt is warranted.

Discussions remain ongoing between the Debtor and Phan regarding the treatment of the Phan debt and a possible further investment by Phan.

9. **Plan of Reorganization.**

As stated above, the Debtor has received interest from prospective tenants to lease space in the Property, resulting in multiple Letters of Intent for leases. The Debtor is also investigating potential investment scenarios for a capital infusion in the Property. The Debtor is in the process of formulating its business plan as the basis for a plan of reorganization.

10. **Continuance of Chapter 11 Status Conference.**

The Debtor proposes that the Chapter 11 status conference be continued to January of 2011.

Dated: October 7, 2010
**MURRAY & MURRAY**
A Professional Corporation

By: */s/ Rachel Ragni Larrenaga*
Rachel Ragni Larrenaga
Attorneys for Debtor